Cite as 2025 Ark. App. 219

# ARKANSAS COURT OF APPEALS
## DIVISION II
### No. CV-23-398

| | |
|---|---|
| WELLS FARGO, N.A.<br><div align="right">APPELLANT</div><br><br>V.<br><br><br>CALI CRAVENS, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF ROGER L. CRAVENS, DECEASED<br><div align="right">APPELLEE</div> | Opinion Delivered April 9, 2025<br><br>APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. 04PR-21-870]<br><br><br>HONORABLE CHRISTINE HORWART, JUDGE<br><br><br>REVERSED AND REMANDED |

**WAYMOND M. BROWN, Judge**

Appellant Wells Fargo appeals the March 20, 2023 order of the Benton County Circuit Court denying its claims against the estate of Roger L. Cravens, deceased, in the amount of $281,947.51. The circuit court denied the claim based on the provisions of Arkansas Code Annotated section 28-50-109;[1] however, appellant contends that its claim

---

[1](Repl. 2012). This section covers secured claims. The relevant subsection states in pertinent part:

(e) Payment of a secured claim, after allowance, shall be made only as follows:

(1) If the creditor surrenders all of his or her security to the personal representative, then upon the basis of the full amount thereof, as an unsecured claim;

(2) If the creditor, proceeding with due diligence and in a manner provided by law, liquidates and applies the payment of his or her claim the proceeds of all or a part of his or her security and surrenders to the personal representative any part no

against the estate was not based on a secured claim but was premised on Roger's personal guarantee. We reverse and remand.[2]

On July 15, 2020, Roger Cravens and Sons Enterprises, Inc.,[3] took out a loan from appellant in the amount of $263,700.00. Roger was the sole owner and shareholder of the corporation. Roger signed a promissory note, a commercial security agreement,[4] and a commercial guaranty as part of securing the loan. In the commercial guaranty, Roger agreed to be personally responsible for the corporation's debt to appellant. Roger subsequently died on August 13, 2021. Appellee Cali Cravens, Roger's wife, filed a petition for appointment of administratrix on August 27; she was appointed administratrix of Roger's estate on August

---

so liquidated and applied, then upon the basis of the balance of the claim remaining unpaid, as an unsecured claim;

(3) If the secured creditor fails to surrender his or her security as provided in subdivision (e)(1) of this section, or to initiate proceedings as provided in subdivision (e)(2) of this section, within sixty (60) days after the expiration of the period for filing claims against the estate, or within such additional time as the court by order may prescribe, or before the filing of a final settlement by the personal representative if it is filed after the expiration of the sixty-day period, he or she shall be deemed to have elected to waive her or her claim against the estate and shall have recourse only against his or her security for the payment of the debt secured thereby[.]

[2]This is the second time this case has been before us; we initially remanded to settle and supplement the record. *See Wells Fargo, N.A. v. Cravens*, 2024 Ark. App. 557.

[3]The corporation is an air duct cleaning business, doing business as Healthy Air Ducts.

[4]The collateral listed in this agreement included all inventory, chattel paper, accounts, equipment, and general intangibles. It specifically listed a 2012 CRTC trailer (VIN 4YMCL12CT005980).

30 and accepted the appointment that same day. Appellant filed an affidavit to claim against Roger's estate on November 17. According to the affidavit, Roger owed appellant $281,947.51. Documents, including those listed above, were filed along with the affidavit. Appellant filed a second claim against Roger's estate on January 24, 2022, for the amount of $45,839.28. Cali filed an objection to the new claim the same day.

On August 10, 2022, appellee filed a petition for authority to abandon personal property. The property was described as "[o]ne hundred (100) shares of common stock in and to Roger Cravens & Sons Enterprises, Inc., representing 100% of the issued and outstanding shares of common stock of said property." According to the petition, the stock had little or no value. The petition also stated that the corporation owned the following:

> 2012 Carryon Cargo Trailer, VIN: 4YMCL1210CT006980 [sic]; and miscellaneous items of duct cleaning equipment, including the following items: 20hp vacuum with 100' of hose; 2 stage air compressor with 100' of air hose, Viper 2 system; 2.5hp electric vacuum with hose ladders; foggers; misc. chemicals and hand tools; and Grand Savings Bank business checking account in the approximate sum of $438.49.

In the petition, appellee admitted that Roger had taken out the loan for $263,700 and had executed a promissory note in appellant's favor. She also stated that the note was secured by a security agreement describing the property listed above, that Roger personally guaranteed payment of the promissory note as shown by appellant's affidavit of claim against the estate, and that there was a balance of $281,947.51 owed. Appellee stated that she did not believe the property was of any value to the estate and should be abandoned because appellant's lien on the property greatly exceeded its value. An order was filed on August 17 authorizing appellee to abandon the property and assets described in the petition.

3

Appellee filed an objection to appellant's November 21, 2021 claim on January 30, 2023, stating that the collateral had been made available to appellant since August 17, 2022,[5] and that appellant had failed to surrender its security as provided in Arkansas Code Annotated section 28-50-109(e)(1) and had also failed to liquidate its collateral or initiate proceedings to liquidate its collateral as set forth in section 28-50-109(e)(2). The objection further stated that the time for filing a claim against the estate expired on May 4, 2022, and that since appellant had failed to surrender or liquidate its collateral within the time periods set forth in section 28-50-109(e)(3), appellant is deemed to have waived its claim against the estate and its only recourse should be against its security for the payment of the debt secured by it. Appellant filed a response to the objection on February 10, 2023, denying the material allegations and contending that section 28-50-109 did not apply. It argued that its claim against the estate was not based on a secured claim but on Roger's personal guarantee because the collateral was owned by the corporation and was separate from Roger's estate and that the objection should be denied.

A hearing on appellee's objection to appellant's claim against Roger's estate took place on March 9. When asked if Roger personally guaranteed the debt owed by the corporation, appellee responded, "I think so, yes. I mean, I -- that sounds right." Appellant reiterated at the hearing that its claim against Roger's estate was based on Roger's personal guarantee, so

_____

[5]Appellant had sent an inspector and appraiser out to look at the property at some point, but it did not attempt to take possession of the collateral.

4

section 28-50-109 was inapplicable. Appellant withdrew its $45,839.28 claim against the estate. The circuit court took the case under advisement. An order denying appellant's claim based on appellee's written objection was filed on March 20. Appellant filed its notice of appeal on March 31. An amended notice of appeal was filed on April 17.

Appellant argues that the circuit court erred by denying its claims against the estate of Roger L. Cravens, deceased, in the amount of $281,947.51 on the basis of Arkansas Code Annotated section 28-50-109 because its claim against the estate was not based on a secured claim but was premised on Roger's personal guarantee. Probate cases are reviewed de novo on appeal.[6] However, we will not reverse the circuit court's findings of fact unless they are clearly erroneous.[7] A finding is clearly erroneous when, although there is evidence to support it, we are left on the entire evidence with the firm conviction that a mistake has been committed.[8]

Section 28-50-109 applies to secured claims. Appellant argues now, as it did below, that its claim against the estate was based on Roger's personal guarantee, not the security agreement between it and Roger's corporation. Despite this contention, the circuit court denied appellant's claim against the estate based on a secured claim. Because the circuit

---

[6]*Snowden v. Riggins*, 70 Ark. App. 1, 13 S.W.3d 598 (2000).

[7]*See id.*

[8]*Adkinson v. Kilgore*, 62 Ark. App. 247, 970 S.W.2d 327 (1998).

5

court failed to make its determination on the claim advanced by appellant, we reverse and remand.[9]

Reversed and remanded.

KLAPPENBACH, C.J., and THYER, J., agree.

*Conner & Winters, LLP*, by: *Todd P. Lewis* and *Jorge J. Rodriguez*, for appellant.

*Robert S. Tschiemer*, for appellee.

---

[9]Appellant also made a jurisdictional argument; however, we need not address it since we agree that the circuit court relied on the wrong basis when denying appellant's claim. Appellee also argued that appellant's appeal is moot because the circuit court has already approved the final distribution of Roger's estate. However, we disagree that it is moot because Arkansas Code Annotated section 28-53-110 (Repl. 2012) allows the recovery of property improperly distributed or the value thereof if a suit or proceeding is brought within the statutory period. As of the date of this opinion, that period has not expired.